IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Steele, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00631 |
| v. | : | Judge Marbley |
| Terry Collins, Director of the Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

# Report and Recommendation

Plaintiff Charles M. Steele brings this action against defendants pursuant to 42 U.S.C. § 1983 alleging violations of his state and federal constitutional rights. This matter is before the Magistrate Judge on defendants Collins, Mausser, Hoff, and Southerland's April 8, 2010 motion for summary judgment (doc. 30).

### I.     Allegations in the Complaint

The complaint asserts that defendants have failed to comply with Ohio Revised Code § 2967.13(A), which imposed a duty upon the Parole Board to provide parole reviews to an inmates with indefinite sentences who have served their minimum sentence. After his first parole review, in 2000, the Parole Board continued his review for another eight years–until November 2008– even though the law required the second review to occur within five years.

The complaint also asserts that the hearing that was continued until 2008 never took place.  Because he has not been afforded the statutorily required parole hearings, defendants have violated plaintiff's due process rights under the Fourteenth Amendment.

II.    **Arguments of the Parties**

A.    **Defendants**

Defendants argue that plaintiff's parole eligibility claims are moot. In 1995, Steele was convicted of rape and placed in the custody of ODRC. He became eligible for parole and received his first parole hearing for the 1995 conviction on November 22, 2000. At that hearing, his sentence was continued until November 2008. After Steele was incarcerated, a DNA sample was taken from him for inclusion in a DNA database pursuant to section 2901.07 of the Ohio Revised Code. The sample provided by Steele matched the DNA of a semen sample obtained from another rape victim. As a result, on October 31, 2002, Steele was convicted of another rape and kidnapping. Defendants maintain that Steele's conviction of the second offense made him ineligible for parole until 2016.

According to defendants, because Steele is no longer eligible for parole until 2016, it is irrelevant whether he should have received a parole hearing in November 2005 or November 2008.

Defendants also argue that this Court lacks subject matter jurisdiction to entertain Steele's state law claim. Because all defendant named in this action are

2

employed by the state of Ohio, they are entitled to immunity from Steele's action for money damages unless the Ohio Court of Claims determines otherwise.

Defendants also maintain that they are entitled to immunity under the Eleventh Amendment, which prohibits individuals from suing states in federal courts.

### B.    Plaintiff

Plaintiff argues that he gave defendants legal notice of his claims, and in response defendant Hoff informed him that all actions taken in his case had been in accordance with the policies and procedures of the parole board. Steele argues that defendants had the opportunity to disclose information concerning his second conviction when Hoff responded to him, but defendants failed to do so. At the time that Steele filed his complaint, it was his understanding that he had been scheduled to be seen by the Parole Board in 2008, and no other information had been given to him that contradicted this.

Steele further argues that because he was convicted for the second offense prior to  Ohio Revised Code § 2901.07 being enacted on August 30, 1995, he never provided a DNA sample to the DNA database. DNA samples are taken at the Reception Center, and he was no longer at the Reception Center in August 1995. Steele further argues that the decision in *State v. Steele* was a cover-up.

Steele maintains that the second conviction should have constituted a new court commitment. According to plaintiff a new court commitment is the confinement in prison of a person who is being admitted on a new conviction and not someone who is

3

being returned to prison as a parole violator. Plaintiff contends that the fact that he was not given a new commitment number is significant.  Steele argues that the Ohio Department of Rehabilitation and Corrections has no jurisdiction over the 2002 conviction.

Steele further argues that his sentences are running consecutively rather than concurrently. He maintains that he should be entitled to review by the Parole Board in ten years, rather than fifteen years. He also maintains that is entitled to jail time credit of 10 ½ months rather than only credit for 9 days.

Steele argues that defendants have acted in bad faith by failing to consider whether he is suitable for parole within five years following his first parole hearing. He maintains that his claim is not barred by the Eleventh Amendment because he is seeking injunctive relief against state officials for the continuing violation of his state and federal due process rights.

### III.  Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

4

summary judgment; the requirement is that there be no genuine issue of material fact."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall
v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine;
"that is, if the evidence is such that a reasonable jury could return a verdict for the
nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not
to resolve factual issues, but to determine if there are genuine issues of fact to be tried.
*Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will
be granted "only where the moving party is entitled to judgment as a matter of law,
where it is quite clear what the truth is, . . . [and where] no genuine issue remains for
trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by
jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368
U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th
Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of
showing the absence of a genuine issue as to any material fact, and for these purposes,
the [evidence submitted] must be viewed in the light most favorable to the opposing
party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted).
Inferences to be drawn from the underlying facts contained in such materials must be
considered in the light most favorable to the party opposing the motion. *United States v.*

*Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.,* 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 259 (1968)(footnote omitted).

## IV.     Discussion

As a preliminary matter, Steele appears to argue that because defendant Hoff failed to inform him in his January 29, 2009 letter in response to plaintiff's "Actual and Constructive Legal Notice" that the reason he was not eligible for a parole hearing was because of his 2002 convictions, defendants cannot rely on that information to support their motion for summary judgment. Plaintiff is incorrect. Defendants are not barred from presenting information concerning plaintiff's sentences and eligibility for parole despite Hoff's failure to provide a thorough explanation in response to Steele's correspondence.

Steele's argument that he could not have provided a DNA sample to the DNA database because he was convicted for the second offense prior to  Ohio Revised Code § 2901.07 being enacted on August 30, 1995 is also without merit.  Section 2901.07(B)(2) states:

> *Regardless of when the conviction occurred* or the guilty plea was entered, if a person has been convicted of . . . a felony offense or a misdemeanor offense listed in division (D) of this section, is serving a prison term . . . and does not provide a DNA specimen pursuant to division (B)(1) of this section, prior to the person's release from the prison term . . . the person shall submit to, and the director of rehabilitation and correction or the chief administrative officer of the . . . detention facility in which the person is serving the prison term . . . shall administer, a DNA specimen collection procedure at the state correctional institution . . . in which the person is serving the prison term . . . . The DNA specimen shall be collected in accordance with division (C) of this section.

Ohio Rev. Code § 2901.07(B)(2) (Emphasis added). The statute did not require that the DNA sample be obtained while Steele was at the Reception Center. To the extent that

Steele challenges the authenticity of the DNA sample or the conviction obtained through the use of that evidence, his argument fails.  A civil rights action is not a substitute for habeas corpus.  When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus.  *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997).  A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside.  *Heck,* 512 U.S. at 487.  Here a finding that plaintiff did not actually provide a DNA sample would necessarily undermine his criminal convictions, and those convictions have not been set aside.  Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff asserts that the fact that he was not given a new commitment number is significant, but plaintiff fails to provide any explanation for the significance of this fact nor any evidence demonstrating that his sentence is different from what defendants argue it is.

Although Steele argues that his sentences are running consecutively rather than concurrently and that he has not received the appropriate jail time credit, he has not produced any evidence demonstrating that defendants are imposing his sentences incorrectly. Instead, the uncontroverted evidence shows that because Steele's 2002 conviction for rape and kidnapping made him ineligible for parole in either November 2005 or November 2008, any claims that Steele had against the Ohio Adult Parole

8

Authority are moot. The doctrine of mootness requires a live case or controversy for a federal court to decide a case. *Burke v. Barnes*, 479 U.S. 361, 363 (1987).   Steele is not entitled to another parole hearing until 2016 because he is still serving the minimum sentence on his second conviction for rape and kidnapping. As a result, defendants' motion for summary judgment should be granted.

To the extent that plaintiff has alleged a state law claim, defendants are entitled to immunity from Steele's action for money damages absent an alternative finding by the Ohio Court of Claims. Ohio Rev. Code § 2743.02(F). [1]

**V.     Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Collins, Mausser, Hoff, and Southerland's April 8, 2010 motion for summary judgment (doc. 30) be GRANTED.

---

[1]Section 2743.02(F) of the Ohio Revised Code states:
A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel
United States Magistrate Judge
