IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles M. Steele, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00631 |
| v. | : | Judge Marbley |
| Terry Collins, Director of the Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

**ORDER**

Plaintiff Charles M. Steele brings this action against defendants pursuant to 42 U.S.C. § 1983 alleging violations of his state and federal constitutional rights. This matter is before the Court on plaintiff Charles M. Steele's July 7, 2010 objections to Magistrate Judge Abel's June 30, 2010 Report and Recommendation that defendants motion for summary judgment be granted. Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants Collins, Mausser, Hoff, and Southerland's April 8, 2010 motion for summary judgment (doc. 30).

Plaintiff's Objections to the Report and Recommendation. Plaintiff argues that the Magistrate Judge incorrectly categorized his actual and constructive legal notice as correspondence when it is more than simple correspondence. Steele also maintains that the Magistrate Judge incorrectly summarized his argument with respect to the

1

collection of a DNA sample. Instead, Steele asserts that he never gave a DNA sample. He also argues that the issue concerning the DNA is irrelevant to his complaint and was used by the defendant to cause confusion.

Plaintiff argues that the affidavit submitted by Melissa Adams, Chief of the Bureau of Sentencing and Computations for the Ohio Department of Rehabilitation and Corrections, contained false statements concerning how to calculate his sentences. He maintains that the sentencing court did not indicate whether his 2002 sentence should run concurrently or consecutively to his first sentence. Steele contends that the OAPA does not have the authority to determine whether the sentence is concurrent or consecutive; only the sentencing court has the authority to set a sentence.

Plaintiff further argues that the Magistrate Judge improperly shifted the burden on him to demonstrate the significance of the commitment papers. Plaintiff maintains that it is defendants' burden to demonstrate that the 2002 conviction made him ineligible for a parole hearing in 2005 or 2008.

Summary Judgment. Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

2

summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v.*

3

*Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

Discussion.

Steele's arguments with respect to the importance of his "Actual and Constructive Legal Notice" are without merit. Defendants are not barred from

4

presenting information concerning plaintiff's sentences and eligibility for parole despite Hoff's failure to provide a thorough explanation in response to Steele's correspondence.

Plaintiff argues that the affidavit submitted by Melissa Adams, Chief of the Bureau of Sentencing and Computations for the Ohio Department of Rehabilitation and Corrections, contained false statements concerning how to calculate his sentences. According to plaintiff, the sentencing court did not indicate whether his 2002 sentence should run concurrently or consecutively to his first sentence, and the OAPA does not have the authority to determine whether the sentence is concurrent or consecutive. This argument is also without merit because Ms. Adams notes that theses sentences are running concurrently with, rather than consecutively to, his 1995 sentence. This computation is more favorable to plaintiff than if it had been determined that the 2002 sentence ran consecutively to the 1995 sentence.

The Magistrate Judge correctly noted that plaintiff failed to provide an evidence demonstrating the significance of the fact that he was not given a new commitment number. Plaintiff also failed to provide any evidence demonstrating that his sentence is different from what defendants argue it is or that defendants are imposing his sentences incorrectly. The Magistrate Judge correctly concluded that the uncontroverted evidence shows that because Steele's 2002 conviction for rape and kidnapping made him ineligible for parole in either November 2005 or November 2008, any claims that Steele had against the Ohio Adult Parole Authority are moot. The doctrine of mootness requires a live case or controversy for a federal court to decide a case. *Burke v. Barnes*,

479 U.S. 361, 363 (1987). Steele is not entitled to another parole hearing until 2016 because he is still serving the minimum sentence on his second conviction for rape and kidnapping.

Conclusion. For the reasons stated above, defendants Collins, Mausser, Hoff, and Southerland's April 8, 2010 motion for summary judgment (doc. 30) is GRANTED. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants Collins, Mausser, Hoff, and Southerland. This action is hereby **DISMISSED.**

*(signature)*
Algenon L. Marbley
United States District Judge